UNITED STATES DISTRICT COURT     O
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARTHA F. DIAZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. M-11-342 |
| | § | |
| LINDSAY GENERAL INSURANCE AGENCY, | § | |
| | § | |
| Defendant. | § | |

**OPINION AND ORDER**

Pending before the Court are Lindsay General Insurance Agency's ("Defendant") motions for summary judgment.[1] After considering the motions, record, and relevant authorities, the Court **GRANTS** the motions for summary judgment against Martha F. Diaz and Luis A. Diaz in their entirety.

**I. Background**

This removed case involves an insurance dispute regarding the coverage of a 2007 GMC Denali ("Denali").[2] According to the complaint, plaintiff Martha F. Diaz ("Martha") purchased a policy of insurance for the Denali on November 29, 2009. The complaint also alleges that Luis A. Diaz ("Luis") was initially a named insured under the policy. The complaint further states that the Denali was damaged by fire on August 24, 2010.[3] However, the summary judgment evidence establishes that the Denali was insured by a policy originally purchased on May 29,

---

[1] Dkt. Nos. 25 & 26.
[2] Dkt. No. 1-3. at ¶ 11.
[3] *Id*.

2008, and renewed twice thereafter.[4] The Denali was damaged by fire in August 2009.[5] As this summary judgment evidence is undisputed, the Court adopts these dates as controlling.

Plaintiffs allege that Defendant wrongfully denied their insurance claim.[6] Plaintiffs assert the following causes of action: Texas Deceptive Trade Practices—Consumer Protection Act ("DTPA") claims; Texas Insurance Code Section 541 claims; common law fraud claims; and breach of contract claims.[7] Defendant moves for summary judgment on all claims brought by both plaintiffs.[8] **Plaintiffs failed to respond**.[9]

## II.   Analysis

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[10] Federal Rule of Civil Procedure 56 states in part:

> (c) Procedures. (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.[11]

---

[4] Dkt. No. 25-3.
[5] Dkt. No. 26-2 at pp. 61-63. (A "Vehicle Fire Affidavit" was attached as part of the summary judgment record, and Plaintiffs did not object to this evidence or even respond to the motions for summary judgment.).
[6] Dkt. No. 1-3. at ¶ 11.
[7] Dkt. No. 1-3 at ¶¶ 12-19.
[8] Dkt. Nos. 25 & 26.
[9] The Court notes at the outset that Plaintiffs cannot shift the task of scouring the record for evidence that might prevent summary judgment to the Court. "'Judges are not like pigs, hunting for truffles buried in briefs.'" de la O v. Hous. Auth. of City of El Paso, Tex., 417 F.3d 495, 501 (5th Cir. 2005) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991)).
[10] FED. R. CIV. P. 56(a).
[11] FED. R. CIV. P. 56(c).

Additionally, "[w]here federal jurisdiction is based on diversity of citizenship, as it is here, a federal court looks to the substantive law of the forum state."[12]

### A.     Texas Insurance Code Chapter 541

Plaintiffs assert that Defendant violated Sections 541.060 and 541.061 of the Texas Insurance Code.  Defendant moves for summary judgment on Plaintiffs' insurance code claims.[13]

After reviewing Plaintiffs' complaint, the Court finds that Plaintiffs have failed to state a claim under the Texas Insurance Code.  "The failure to state a claim usually warrants dismissal under Rule 12(b)(6).  However, in many cases, the failure to state a claim is the 'functional equivalent' of the failure to raise a genuine issue of material fact."[14]  This is one of those cases.  Specifically, Plaintiffs' claims under the Texas Insurance Code amount to nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."[15]  Because Plaintiffs have failed to state claims under the Texas Insurance Code, the Court need not consider Defendant's additional arguments for why it is entitled to summary judgment on the insurance code claims.  The Court **GRANTS** summary judgment for Defendant on Plaintiffs' Texas Insurance Code claims.

### B.     DTPA

Plaintiffs assert that Defendant violated the DTPA.[16]  Regarding DTPA claims, the Texas Supreme Court has stated the following:

> The DTPA grants *consumers* a cause of action for false, misleading, or deceptive acts or practices.  The DTPA defines a 'consumer' as 'an individual . . . who seeks or acquires by purchase or lease, any goods or services.'  Privity of contract with a defendant is not required for the plaintiff to be a consumer.  A

---

[12] Colony Ins. Co. v. Peachtree Constr., Ltd., 647 F.3d 248, 252 (5th Cir. 2011) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Tex. Indus., Inc. v. Factory Mut. Ins. Co., 486 F.3d 844, 846 (5th Cir. 2007)).
[13] Dkt. No. 25 at pp. 9-11; Dkt. No. 26 at pp. 12-15.
[14] Whalen v. Carter, 954 F.2d 1087, 1098 (5th Cir. 1992) (citations omitted).
[15] Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted).
[16] Dkt. No. 1-3 at ¶¶ 12-13.

consumer must, in order to prevail on a DTPA claim, also establish that each defendant violated a specific provision of the Act, and that the violation was a producing cause of the claimant's injury.[17]

Defendant asserts that Martha suffered no damages and therefore moves for summary judgment on her DTPA claims.[18] In the original complaint, Martha claimed the following damages:

> (a) Fair market value of the covered motor vehicle; (b) Loss of use, including but not limited to the reasonable rental value of a replacement automobile; (c) Cost of replacement[;] (d) Loss of credit and damage to credit reputation[;] (e) Reasonable attorney fees.[19]

Martha also claims that she is entitled to exemplary and multiple damages.[20] These assertions of damages in the complaint are directly contradicted by the summary judgment evidence in the form of Martha's deposition testimony. Specifically, Martha testified that she was not a cosigner or any way connected with the loan that financed the purchase of the Denali and that she did not receive any letters or phone calls trying to collect money from her on the loan.[21] Additionally, she testified that she never owned the Denali, she was not responsible for any payments on the Denali, she did not need to rent a vehicle for her personal use after the Denali was damaged, and she did not have to obtain a replacement vehicle because of the damage to the Denali.[22] After reviewing this evidence, the Court agrees with Defendant that Martha did not suffer damages that would entitle her to a recovery under the DTPA.

Also, the Court notes that a plaintiff must first prevail on a DTPA claim in order to be entitled to attorneys' fees under the DTPA.[23] Similarly, the "multiple damages" provided for in Section 17.50(b)(1) of the Texas Business and Commerce code are only available when there is

---

[17] Amstadt v. U.S. Brass Corp., 919 S.W.2d 644, 649 (Tex. 1996) (internal citations omitted) (emphasis added).
[18] Dkt. No. 25 at pp. 5-7.
[19] Dkt. No. 1-3 at ¶¶ 20 & 21 (With the exception of attorney's fees, these two paragraphs list the same damages.).
[20] Dkt. No. 1-3 at ¶¶ 22-25.
[21] Dkt. No. 25-1 at pp. 10-11.
[22] *Id.* at p. 41.
[23] McKinley v. Drozd, 685 S.W.2d 7, 9 (Tex. 1985) (citing Tex. Bus. & Com. Code Ann. § 17.50)).

an underlying recovery for economic damages.[24] Also, exemplary damages under Texas Civil Practices and Remedies Code § 41.003 are only awardable if damages other than nominal damages are awarded.[25] Because Martha has failed to demonstrate that she has suffered any injuries, the Court **GRANTS** summary judgment for Defendant on Martha's DTPA claims.

Turning to Luis's DTPA claims, Defendant moves for summary judgment on those claims as well.[26] All of Luis's DTPA claims are based on alleged misrepresentations regarding the scope of the insurance coverage that were made to him when he went to Defendant's office with his mother.[27] To be clear, the Court finds that Luis's remaining DTPA claims[28] are based on communications that Luis allegedly had with Defendant *before* the Denali burned. Even the allegations of "unconscionability" are based on alleged misrepresentations regarding the scope of coverage that occurred before the Denali was damaged by fire. Inexplicably, when Luis was deposed, he could not remember if he had gone with his mother to purchase insurance,[29] nor could he remember if any specific representation or statement was made to him regarding a Lindsay policy of insurance before the fire occurred.[30] Because all of Luis's DTPA claims are based on allegations of misrepresentations and Luis was unable to identify a specific representation or statement that was made to him regarding a Lindsay policy of insurance before the Denali burned, he has failed to direct the Court to any evidence that Defendant violated a specific provision of the DTPA. Therefore, the Court **GRANTS** summary judgment for Defendant on Luis's DTPA claims.

---

[24] Tex. Bus. & Com. Code Ann. § 17.50(b)(1) (West Supp. 2011).
[25] Tex. Civ. Prac. & Rem. Code Ann. §§ 41.003, 41.004 (West Supp. 2011).
[26] Dkt. No. 26 at pp. 7-9.
[27] Dkt. No. 1-3 at ¶¶ 12-13.
[28] The Court already found that Luis failed to state a claim under Chapter 541 of the Texas Insurance Code.
[29] Dkt. No. 26-2 at p. 26.
[30] *Id*. at p. 46.

### C. Common Law Fraud

Plaintiffs allege that Defendant committed common law fraud. Defendant moves for summary judgment on the fraud claim brought by both Martha and Luis.[31]

Fraud claims are subject to the heightened pleading standards of Rule 9(b).[32] Rule 9(b) "requires that [a plaintiff] 'state with particularity the circumstances constituting the fraud.' 'Put simply, Rule 9(b) requires the who, what, when, where, and how to be laid out.'"[33] After reviewing Plaintiffs' complaint, the Court finds that Plaintiffs have failed to state a claim of fraud against Defendant.

Here, Plaintiffs have failed to plead fraud with particularity. Because Plaintiffs have failed to plead claims for fraud, the Court **GRANTS** summary judgment for Defendant on Plaintiffs' common law fraud claims.

### D. Breach of Contract

Plaintiffs also assert that Defendant breached a contract. "The elements of a breach of contract claim are the existence of a valid contract; performance or tendered performance by the plaintiff; breach of the contract by the defendant; and damages to the plaintiff resulting from that breach."[34]

Defendant moves for summary judgment on Martha's breach of contract claim arguing that she suffered no injury and thus cannot satisfy the fourth element of a breach of contract claim.[35] The Court agrees. As addressed above, Martha's own deposition testimony demonstrates that she suffered no damages related to the Denali. Although attorney's fees are recoverable for breach of contract under the Texas Civil Practice and Remedies Code Section

---

[31] Dkt. No. 25 at pp. 8-9; Dkt. No. 26 at pp. 11-12.
[32] FED. R. CIV. P. 9(b).
[33] Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter, 607 F.3d 1029, 1032 (5th Cir. 2010) (quoting Fed. R. Civ. P. 9(b); Benchmark Elec., Inc. v. J.M. Huber Corp., 343 F.3d 719, 724 (5th Cir. 2003)).
[34] Abraxas Petroleum Corp. v. Hornburg, 20 S.W.3d 741, 758 (Tex. App.—El Paso 2000, no pet.).
[35] Dkt. No. 25 at pp. 7-8.

38.001, "[t]o recover attorney's fees under Section 38.001, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages."[36] Without damages, Martha cannot recover attorney's fees under Section 38.001. Because Martha suffered no injuries related to the Denali, the Court **GRANTS** summary judgment for Defendant on Martha's breach of contract claim.

Defendant moves for summary judgment on Luis's breach of contract claim.[37] Defendant argues that Luis does not have standing to bring a breach of contract claim. "In order to establish standing to maintain a breach of contract action, a plaintiff must show either third-party beneficiary status or privity."[38] Upon preliminary review, it appears that Luis is neither in privity with Defendant under policy number 730573.001 or its renewals 730573.002 and 730573.003 (collectively "the Policy") nor is he a beneficiary under the Policy. For his part, Luis has not responded with any evidence or arguments which would support a finding that he was in privity with Defendant or a third-party beneficiary under the Policy. Furthermore, Luis has completely failed to direct the Court to evidence that he was in privity with Defendant under a different contract or a third-party beneficiary on *any policy issued by Defendant that was in effect on August 24, 2009*. Therefore, the Court **GRANTS** summary judgment for Defendant on Luis's breach of contract claim.

---

[36] Green Intern., Inc. v. Solis, 951 S.W.2d 384, 390 (Tex. 1997) (citing Tex. Civ. Prac. & Rem. Code Ann. § 38.001).

[37] Dkt. No. 26 at pp. 9-11.

[38] OAIC Commercial Assets, L.L.C. v. Stonegate Vill., L.P., 234 S.W.3d 726, 738 (Tex. App.—Dallas 2007, pet. denied).

### III. Conclusion

After considering Defendant's motion for summary judgment against Martha F. Diaz, the Court **GRANTS** the motion in its entirety. Additionally, after considering Defendant's motion for summary judgment against Luis A. Diaz, the Court **GRANTS** the motion in its entirety.

IT IS SO ORDERED.

DONE this 11th day of October, 2012, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE